UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ANDREW GREEN, JR.,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>DEPARTMENT OF CORRECTIONS,<br><br>　　　　　Respondent. | Case No.: 1:15-cv-00472-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS AND FOR LACK OF EXHAUSTION<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK OF THE COURT TO ASSIGN DISTRICT JUDGE TO CASE |

　　　　Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

　　　　The instant petition was filed on March 10, 2015.[1] After a preliminary review of the petition indicated that the petition may be untimely and unexhausted and should therefore be dismissed, the

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison

Court, on April 1, 2015, issued an Order to Show Cause why the petition should not be dismissed as unexhausted and untimely. (Doc. 7). That Order to Show Cause gave Petitioner thirty days within which to file a response. On April 20, 2012, Petitioner filed his response. (Doc. 12).

## DISCUSSION

A. <u>Preliminary Review of Petition</u>.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in <u>Herbst v. Cook</u>, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42. By issuing the April 1, 2015 Order to Show Cause, the Court afforded Petitioner the notice required by the Ninth Circuit in <u>Herbst</u>.

B. <u>Limitation Period For Filing Petition For Writ Of Habeas Corpus</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on March 10, 2015, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d)

---

authorities for filing under the mailbox rule. <u>Jenkins v. Johnson</u>, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the instant petition on March 10, 2015. (Doc. 1, p. 8).

reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the Petitioner alleges that he was convicted by guilty plea on September 29, 2010. (Doc. 1, p. 2). Although Petitioner indicates in the petition that he did not appeal his guilty plea of September 29, 2010, the Court's review of the California court system's database shows that Petitioner did file a notice of appeal in the Fifth Appellate District ("5th DCA") on December 8, 2010, but that the appellate court dismissed the appeal as abandoned on March 9, 2011.[2] It appears that Petitioner did not file a petition for review in the California Supreme Court from this dismissal by the

---

[2] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.

5th DCA. According to the California Rules of Court, a decision of the Court of Appeal becomes final thirty days after filing of the opinion or dismissal, Cal. Rules of Court, Rule 8.264(b)(1), and an appeal must be taken to the California Supreme Court within ten days of finality. Cal. Rules of Court, Rule 8.500(e)(1). Thus, Petitioner's conviction would become final forty days after the Court of Appeal's decision was filed, or on April 18, 2011. Petitioner would then have one year from the following day, April 19, 2011, or until April 18, 2012, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

As mentioned, the instant petition was filed on March 10, 2015, almost three years after the date the one-year period would have expired. Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and should be dismissed.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006). Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the

limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Petitioner alleges he filed a single state habeas petition in the Superior Court of Mariposa County that was denied on February 5, 2013. (Doc. 1, p. 12). The petition does not indicate on what date that habeas petition was filed, and thus, the Court is unable to determine at this juncture precisely how much tolling to which Petitioner might be entitled during the pendency of this state petition. However, the Court notes that, in order for the instant petition to be timely, Petitioner would have had to have filed that state petition prior to April 18, 2012, the date the one-year period was set to expire, in order to avoid being time-barred. These facts were discussed in the Order to Show Cause and Petitioner was asked to clarify those facts with additional information in any response he filed. However, Petitioner's response to the Order to Show Cause contained no new information regarding the dates he filed state habeas petitions.

Accordingly, the Court notes that, even if the superior court petition had been filed prior to April 18, 2012, it was denied on February 5, 2013; hence, the one-year period would have resumed on February 6, 2013. Again, the instant petition was not filed until over two years after that denial. Thus, the one-year period could have expired *no later than* February 5, 2014, more than a year before the instant petition was filed. Thus, the instant petition cannot possibly be timely.

Alternatively, if Petitioner did file the superior court petition after the expiration of the one-year period, he is not entitled to any statutory tolling because a petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); see Webster v. Moore,

5

199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period). Hence, unless Petitioner is entitled to equitable tolling, the petition appears to be untimely and should be dismissed.

D.  Equitable Tolling.

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 651-652 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 651-652; Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

In his response to the Order to Show Cause, Petitioner makes passing reference to two equitable tolling principles: (1) actual innocence; and (2) mental incompetency. Petitioner makes only passing reference to those principles, makes no specific allegations of fact on which a finding of equitable tolling could be based, and provides no evidentiary support for such findings. As to actual innocence, Petitioner merely cites case law regarding that principle without alleging actual innocence. As for his mental competency, Petitioner alleges that he is under psychiatric treatment and required the support of a "jailhouse lawyer" on this case. However, Petitioner indicates that he first contacted his

1  jailhouse lawyer on December 18, 2014, long after the statute of limitations would have expired.
2  Petitioner provided the Court with no medical evidence concerning his purported mental problems.
3  Without specific allegations and evidence to support those allegations, Petitioner has not met his
4  burden of establishing his entitlement to equitable tolling.

5        Finally, Petitioner argues that he is not educated or versed in the law.  However, a petitioner's
6  claims of ignorance of the law, lack of education, or illiteracy are not grounds for equitable tolling.
7  Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see, e.g., Hughes v. Idaho State Bd. of
8  Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law
9  unfortunate but insufficient to establish cause); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose
10 v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991). This is necessarily so because lack of training in the law
11 is widespread and common among state inmates, yet equitable tolling requires that the circumstances
12 be both extraordinary and beyond the control of Petitioner.  Certainly, lack of legal training is not an
13 extraordinary circumstance within California's prison system.  Therefore, it cannot be a basis for
14 equitable tolling.  In sum, under any scenario, the petition is untimely by several years. Accordingly,
15 the petition should be dismissed.

16       E.  Exhaustion.

17       A petitioner who is in state custody and wishes to collaterally challenge his conviction by a
18 petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The
19 exhaustion doctrine is based on comity to the state court and gives the state court the initial
20 opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S.
21 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th
22 Cir. 1988).

23       A petitioner can satisfy the exhaustion requirement by providing the highest state court with a
24 full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v.
25 Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88
26 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full
27 and fair opportunity to hear a claim if the petitioner has presented the highest state court with the
28

claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), as amended by Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

Petitioner does not allege that he has ever presented any of his habeas claims to the California Supreme Court. Further, the Court has reviewed the state court database and determined that no one with Petitioner's name has filed a case in the state high court. Moreover, in his response to the Order to Show Cause, Petitioner fails even to address this issue, much less provide evidence of exhaustion.

From the foregoing, it thus appears that Petitioner has not presented any of his claims to the California Supreme Court as required by the exhaustion doctrine. Because Petitioner has not presented his claims for federal relief to the California Supreme Court, the Court must dismiss the petition.

**ORDER**

For the foregoing reasons, the Court HEREBY DIRECTS the Clerk of the Court to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED as untimely and unexhausted.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 21 days** after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed **within ten days** after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __May 4, 2015__          /s/ Jennifer L. Thurston
                                                UNITED STATES MAGISTRATE JUDGE

9